IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Troy Thompson<br>          Debtor | CHAPTER 13 |
| PNC BANK NATIONAL ASSOCIATION<br>          Movant<br>vs. | NO. 18-11171 AMC |
| Troy Thompson<br>          Debtor | |
| William C. Miller Esq.<br>          Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Automatic Stay, vacated on September 4, 2019, is now reinstated.

2. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,594.23**, which breaks down as follows;

Post-Petition Payments:     May 2019 to November 2019 at $484.93/month
Attorney Fees for August Certification of Default: $200.00
Suspense Balance     $0.28
**Total Post-Petition Arrears**     **$3,594.23**

3. The Debtor(s) shall cure said arrearages in the following manner;

    a). On or before November 30, 2019, the Debtor shall pay the full funds in the amount of $3,594.23;

    b). Debtor(s) shall pay the present regular monthly payment of $484.93 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month beginning with the payment due December 1, 2019.

    c). Maintenance of current monthly mortgage payments to the Movant thereafter.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 22, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 11/26/19

Michael A. Cataldo, Esquire
Attorney for Debtor

x /s/ Troy Thompson

Date: 12-3-19

JMCK William C. Miller, Esquire
Chapter 13 Trustee    No objection

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan