United States Bankruptcy Court
Eastern District of Pennsylvania

In re:   Case No. 18-11171-amc
Troy Thompson   Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2   User: Randi   Page 1 of 1   Date Rcvd: Dec 09, 2019
    Form ID: pdf900   Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 11, 2019.
db   +Troy Thompson,   2090 Baker Road,   Suite 304-142,   Kennesaw, GA 30144-4600

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.   TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 11, 2019   Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 9, 2019 at the address(es) listed below:
    DAVID   NEEREN    on behalf of Creditor    PNC Bank, National Association dneeren@udren.com, vbarber@udren.com
    MICHAEL A. CATALDO2    on behalf of Debtor Troy   Thompson ecf@ccpclaw.com, igotnotices@ccpclaw.com
    MICHAEL A. CIBIK2    on behalf of Debtor Troy   Thompson ecf@ccpclaw.com, igotnotices@ccpclaw.com
    REBECCA ANN SOLARZ    on behalf of Creditor   PNC Bank, National Association bkgroup@kmllawgroup.com
    United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
    WALTER WILLIAM GOULDSBURY, III    on behalf of Creditor    PNC Bank, National Association wgouldsbury@rasnj.com
    WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
    TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Troy Thompson<br>　　　　Debtor | CHAPTER 13 |
| PNC BANK NATIONAL ASSOCIATION<br>　　　　Movant<br>vs.<br>Troy Thompson<br>　　　　Debtor<br>William C. Miller Esq.<br>　　　　Trustee | NO. 18-11171 AMC<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Automatic Stay, vacated on September 4, 2019, is now reinstated.

2. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,594.23**, which breaks down as follows;

Post-Petition Payments:　　May 2019 to November 2019 at $484.93/month
Attorney Fees for August Certification of Default: $200.00
Suspense Balance　　　　$0.28
**Total Post-Petition Arrears　　$3,594.23**

3. The Debtor(s) shall cure said arrearages in the following manner;

　　a). On or before November 30, 2019, the Debtor shall pay the full funds in the amount of **$3,594.23**;

　　b). Debtor(s) shall pay the present regular monthly payment of **$484.93** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month beginning with the payment due December 1, 2019.

　　c). Maintenance of current monthly mortgage payments to the Movant thereafter.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

Case 18-11171-amc   Doc 80   Filed 12/11/19   Entered 12/12/19 00:56:33   Desc Imaged
Certificate of Notice    Page 3 of 3

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:  November 22, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 11/26/19

Michael A. Cataldo, Esquire
Attorney for Debtor

x /s/ Troy Thompson
Troy Thompson

Date: 12-3-19

JMCK — William C. Miller, Esquire
Chapter 13 Trustee   No objection

Approved by the Court this 9th day of December, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan